IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETER D. NGO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3423 |
| | § | |
| RONALD C. GREEN and CITY OF | § | |
| HOUSTON, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 8] filed by Defendants Ronald C. Green and the City of Houston, to which Plaintiff Peter D. Ngo filed a Response [Doc. # 9], and Defendants filed a Reply [Doc. # 11].  Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court **grants** Defendants' Motion to Dismiss and dismisses this case with prejudice.

## I.    BACKGROUND

Plaintiff began working for the City of Houston on April 1, 2013, as Assistant City Auditor III in the Audit Division of the City Controller's office.  Plaintiff's direct supervisor was the City Auditor, David Schroeder.  Defendant Ronald C. Green was the City Controller, an elected position.

In June 2013, Schroeder instructed Plaintiff to perform an internal audit of the Audit Division's information technologies ("IT") system and network, and provide a written report of the results.  Plaintiff completed the assignment.  In the report, Plaintiff informed Schroeder that he discovered that a City of Houston employee had been performing accounting work for H&R Block using computer software on a City of Houston computer.  Plaintiff informed Schroeder that the employee had created and stored tax returns for private individuals on the City of Houston computer dating back to 2009.

Plaintiff alleges that Schroeder informed Green of the information in his report. Plaintiff alleges that Schroeder told him that Green was concerned that the information in the report would reflect poorly on the City Controller's office during an election year.

In July 2013, Plaintiff was suspended from his position with the City of Houston.  Plaintiff alleges that his suspension was the result of his reporting the misuse of the City of Houston's computer.  Plaintiff in the First Amended Complaint alleges that Green individually violated his rights under the First Amendment, and that Green and the City of Houston violated the Texas Whistleblower's Act ("TWA").

Defendants moved to dismiss the First Amended Complaint.  The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.     MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.     FIRST AMENDMENT CLAIM

A government employee's First Amendment right is not absolute, and a claim of First Amendment retaliation is evaluated under a four-part test to determine

whether the public employee's speech is entitled to constitutional protection.  *See Gibson v. Kilpatrick*, 734 F.3d 395, 400 (5th Cir. 2013) (citing *Juarez v. Aguilar*, 666 F.3d 325, 332 (5th Cir. 2011)).  "A plaintiff must establish that: (1) he suffered an adverse employment decision; (2) his speech involved a matter of public concern; (3) his interest in speaking outweighed the governmental defendant's interest in promoting efficiency; and (4) the protected speech motivated the defendant's conduct."  *Id.* (citations omitted).

Defendant Green argues that Plaintiff has failed to allege a factual basis for a finding that his speech involved a matter of public concern.  In 2006, the Supreme Court added a "threshold layer" to the second prong. *See id.* (citing *Davis v. McKinney*, 518 F.3d 304, 312 (5th Cir. 2008) (describing *Garcetti v. Ceballos*, 547 U.S. 410 (2006))).[1]  Under this prong, as clarified by the Supreme Court, "'when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.'" *Id.* (quoting *Garcetti*, 547

---

[1]    In *Garcetti*, a deputy district attorney concluded that a search warrant was obtained based on an affidavit containing misrepresentations. *See Garcetti*, 547 U.S. at 413-14. The deputy district attorney reported these concerns to his supervisors, and later described his beliefs during testimony at a hearing on the defendant's challenge to the search warrant.  *See id.* at 414-15.  "The Supreme Court concluded that the First Amendment did not shield the attorney's speech from discipline" because the speech was made pursuant to his official duties. *See Gibson*, 734 F.3d at 401 (citing *Garcetti*, 547 U.S. at 420-22.

U.S. at 421).   The question whether a public employee's speech is official is a question of law.  *Id.* (citing *Charles v. Grief*, 522 F.3d 508, 513 n.17 (5th Cir. 2008)). The Supreme Court in *Garcetti* transformed the second prong to require consideration of "whether the speech was pursuant to the employee's duties or as a citizen."  *Id.*

In this case, Plaintiff's allegations in the First Amended Complaint establish that his speech was pursuant to his duties as an employee in the Audit Division. Plaintiff alleges that his direct supervisor, Schroeder, "requested the Plaintiff perform an internal audit of the Audit Division's information technologies . . . system and network."  *See* First Amended Complaint [Doc. # 6], ¶ 11.  Plaintiff alleges that Schroeder directed Plaintiff to report his findings in writing.  *See id.*  Plaintiff alleges that he produced to Schroeder a written report of his findings, including the information regarding the employee's misuse of a City of Houston computer.  *See id.*, ¶¶ 11-12.

Plaintiff's allegations demonstrate that the information reported to Schroeder, which was allegedly conveyed by Schroeder to Green, was obtained by Plaintiff pursuant to his duties as an employee of the City of Houston.  There is no allegation that, but for his status as an employee of the City of Houston, Plaintiff would have been performing an internal audit of the IT system and network, or that he would have had access to the computer being misused by a City employee. "Activities undertaken

in the course of performing one's job are activities pursuant to official duties." *Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d 689, 693 (5th Cir. 2007).

Because Plaintiff's speech was pursuant to his official duties as an employee of the Audit Division, it was official speech not protected by the First Amendment. Green is entitled to dismissal of this claim.

## IV.   **TEXAS WHISTLEBLOWER'S ACT CLAIM**

The Texas Whistleblower Act provides that a local governmental entity may not suspend a public employee who "in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority."  *See* TEX. GOV'T CODE § 554.002(a); *see also State v. Lueck*, 290 S.W.3d 876, 878 (Tex. 2009).  To establish a TWA claim, Plaintiff must establish (1) that he was a public employee; (2) that he acted in good faith when making a report; (3) the report involved a violation of law; (4) the report was made to an appropriate law enforcement agency, and (5) that he suffered retaliation as a result of making the report.  *See Leyva v. Crystal City*, 357 S.W.3d 93, 98 (Tex. App. – San Antonio 2011); *see also Bowers v. City of Galveston*, 2009 WL 529608, *9 (S.D. Tex. Feb. 26, 2009) (citing *Duvall v. Tex. Dep't of Human Servs*., 82 S.W.3d 474, 478 (Tex. App. – Austin 2002, no pet.)).

Defendants argue that Plaintiff has failed to allege that he reported the violation of law to "an appropriate law enforcement agency."  Under the TWA, an appropriate law enforcement agency is "one charged with the ability to enforce or regulate the laws purportedly breached or investigate the breach of those laws."  *Leach v. Texas Tech Univ.*, 335 S.W.3d 386, 396 (Tex. App. – Amarillo 2011) (citing *Tex. Dept. of Transp. v. Needham*, 82 S.W.3d 314, 319-20 (Tex. 2002)).  "The description calls forth visions of police, administrative agencies, district attorneys, the attorney general, and like bodies commonly associated with investigating and enforcing the law."  *Id.*  "[W]hether a violation of law has been reported to an appropriate law enforcement authority is a question of law to be decided by the court."  *City of Fort Worth v. DeOreo*, 114 S.W.3d 664, 668 (Tex. App. – Fort Worth 2003, no pet.).

Plaintiff alleges that he reported the misuse of the government computer to Schroeder, his direct supervisor.  There is no allegation that Schroeder had the ability to enforce laws regarding the improper use of government property.  Instead, Plaintiff argues that Defendant Green had the authority to investigate the alleged violations because the "charter of the Audit Division of the City Controller indicates the City Controller investigates alleged fraudulent activities within the City of Houston."  *See* First Amended Complaint, ¶ 12.

Plaintiff's TWA claim fails, first, because there is no allegation that Plaintiff reported anything to Green, the person with the authority cited by Plaintiff.  Second, reports to an individual who has authority only for internal compliance are insufficient to state a claim under the TWA.  *See Ysleta Indep. Sch. Dist. v. Franco*, __ S.W.3d ___, 2013 WL 6509471, *1 (Tex. Dec. 13, 2013).  It is inadequate to report the alleged violation to an individual who has "no authority to enforce the allegedly violated laws outside the institution itself."  *Id.* (citing *Canutillo Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653, 655 (Tex. 2013)).  There is no allegation that Green had any general law enforcement authority.  The allegation that the Audit Division's charter authorizes the City Controller to investigate fraudulent activities does not suggest that the City Controller has any authority outside the Audit Division to enforce laws regarding improper use of City of Houston computers.  The Court concludes that Plaintiff's allegations demonstrate that he did not report the alleged violations of law to an appropriate law enforcement authority.  As a result, Plaintiff's TWA claim is dismissed.

## V.  <u>LEAVE TO REPLEAD</u>

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley*

*Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  In this case, Defendants filed a Motion to Dismiss Plaintiff's Original Complaint, identifying the deficiencies and the asserted bases for dismissal.  In Response, Plaintiff, who is represented by counsel, filed a First Amended Complaint.  The pending Motion to Dismiss addresses the First Amended Complaint, which is Plaintiff's second attempt to plead viable claims.  The Amended Complaint contains many of the same deficiencies and bases for dismissal as the Original Complaint.  It appears unlikely, therefore, that Plaintiff can amend to state viable claims for relief under the First Amendment and the TWA.  "'[I]t appears that a third chance to amend would prove to be futile.'"  *C&C Inv. Props., LLC v. FDIC*, 2013 WL 1136337, *3 (S.D. Miss. Mar. 18, 2013) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc*., 336 F.3d 375, 387 (5th Cir. 2003)).  Consequently, the dismissal of this lawsuit is without leave to replead.

## VI.    CONCLUSION AND ORDER

Plaintiff has failed to state a viable claim for relief against Defendants.  As a result, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 8] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.  The Court will issue a separate final order.

SIGNED at Houston, Texas, this **28th** day of **January, 2014.**

Nancy F. Atlas
United States District Judge